NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10344 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00384-APG-EJY-2 |
| v. | |
| DEMECIA SHONTRES WASHINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 15, 2023
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,[**] District Judge.

Demecia Washington challenges her convictions on seven felony counts

related to the sex trafficking of a 15-year-old runaway girl. Although she failed to

object at trial, Washington now argues that the district court erred by: (1)

admitting expert testimony that Washington contends crossed the line into

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

impermissible character evidence; (2) failing to instruct the jury on the elements of the substantive offenses underlying Washington's conspiracy charges; and (3) allowing the Government to dilute the burden of proof and appeal to the jurors' emotions during closing argument. Washington also challenges her lifetime term of supervised release as substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In the absence of a contemporaneous objection, we review evidentiary issues, jury instructions, and allegations of prosecutorial misconduct for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (evidentiary issues); *United States v. McCaleb*, 552 F.3d 1053, 1057 (9th Cir. 2009) (jury instructions); *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011) (prosecutorial misconduct). Challenges to the "substantive unreasonableness of a sentence—whether objected to or not at sentencing—[are] reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

1. It was not plain error for the district court to allow FBI Agent Landau to testify as an expert on the "common dynamics that occur in the operation of sex trafficking." Such testimony was admissible and did not amount to improper character evidence. *See United States v. Taylor*, 239 F.3d 994, 997–98 (9th Cir. 2001). And even if admission of this testimony was erroneous, the error was harmless in light of the significant evidence of Washington's guilt. *See, e.g.*,

*United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir. 1994).

2. Nor did the district court plainly err in its instructions to the jury. The court did omit the elements of the object offenses from its instructions on the corresponding conspiracy counts, but Washington was also charged with—and convicted of—the object offenses themselves. The elements of those offenses were included in the instructions for those counts. Viewed "as a whole in the context of the entire trial," the jury instructions were more than adequate "to guide the jury's deliberation." *United States v. Moore*, 109 F.3d 1456, 1465 (9th Cir. 1997) (quoting *United States v. Perez*, 989 F.2d 1111, 1114 (9th Cir. 1993)); *see also United States v. Alghazouli*, 517 F.3d 1179, 1188–92 (9th Cir. 2008) (finding no plain error in a conspiracy case where the elements of the object offense were omitted from the jury instructions but were made clear to the jury in a separate special verdict form).

3. The Government did not dilute the burden of proof or encourage the jurors to convict Washington based on emotion during closing argument. On the contrary, the Government referred to the correct, reasonable doubt standard at least fourteen times during its closing, and its references to Washington as a mother were not an improper emotional appeal. Moreover, even if improper, neither of these purported transgressions—alone or in combination—"tainted the verdict and deprived [Washington] of a fair trial." *United States v. Weatherspoon*, 410 F.3d

3

1142, 1151 (9th Cir. 2005) (quoting *United States v. Smith*, 962 F.3d 923, 935 (9th Cir. 1992)).

4.      Finally, having assessed the substantive reasonableness of Washington's sentence "in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range," *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006), we find no abuse of discretion in the district court's imposition of lifetime supervised release to follow Washington's below-Guidelines-range 216-month prison term.

**AFFIRMED.**